*Richard P. Morgan* v. *The New-York and Albany Rail Road Co. and J. I. Coddington.*

Creditor's bills a-
gainst corpora-
tions.

This was an appeal from an order of the vice chancellor of the first circuit appointing a receiver of so much of the property and effects of the New-York and Albany Rail Road Company, as might be necessary to satisfy the complainant's debt and costs. The complainant was a judgment creditor of the corporation, and his execution had been issued to the sheriff of the city and county of New-York, where the office or place of business of the company was kept, and such execution had been returned unsatisfied. The bill was in the usual form of creditor's bills, but it also contained an allegation that there were many stockholders of the company who had not paid up their stock in full, and from whom a balance still remained due, which balance the complainant insisted should be applied to the payment of his judgment. He also alleged that he had applied to the defendant Coddington, the president of the company, for a list of such stockholders, but could not obtain the same, and therefore was not able to set forth the names of such stockholders in his bill. He therefore prayed a discovery from the defendant Coddington of the names of all the stockholders of the company who had not paid up in full for their stock, and the amount of the deficiency due thereon.

J. V. L. Pruyn, for the appellants.

D. D. Field, for the respondent.

The Chancellor. The counsel for the complainant is in an error in supposing that this is a case in which a judgment creditor can obtain a preference in payment out of the effects of an insolvent corporation under the provisions of the revised statutes. The word defendant in the thirty-eighth section of the title relative to the court of chancery, (2 R. S. 173,) would undoubtedly include a corporation as well as an individual, if the rights of creditors as against corporations, upon the return of an execution unsatisfied, were not otherwise provi-

ded for in the revised statutes. But the legislature in the act of April 1825, to prevent fraudulent bankruptcies by incorporated companies, to facilitate proceedings against them, and for other purposes, (*Laws of* 1825, p. 449, § 5,) adopted the principle as to insolvent corporations, that equality among creditors is equity; and directed that upon the return of an execution unsatisfied, the property and effects of the corporation should be sequestered and distributed equally, and in a just proportion among all the creditors of the company. And this provision of the act of 1825 was re-enacted, substantially in the same form, in the thirty-sixth and thirty-seventh sections of the article of the revised statutes relative to proceedings against corporations in equity. (2 *R. S.* 463.) The manner in which the effects of the corporation are to be distributed after a decree in such a suit, is the same as is prescribed by the seventy-ninth section of the article relative to the voluntary dissolution of corporations, (2 *R. S.* 471,) that is, to give no preferences, except such as are created by the laws of the United States, and such as have been acquired by the docketing of a judgment or decree so as to create a lien upon the real estate of the corporation.

The final decree which is to be obtained upon a bill filed by a judgment creditor of the corporation under this thirty-sixth section of the article relative to proceedings against corporations in equity, is therefore a decree not only for the benefit of the complainant in the suit, but also for the benefit of all other creditors of the corporation who may come in and prove their debts under such decree; or under an order of the court made previous to such decree, as authorised by the fifty-sixth section of the same title. (2 *R. S.* 466.) And the order appealed from should have extended the receivership to all the property and effects of the corporation; instead of limiting it to so much of such property and effects as would be sufficient to pay the debt and costs of the complainant merely. In all other respects however, I do not preceive why the order appealed from is not a good appointment of a receiver for the purpose of sequestering the property of the corporation under this thirty-sixth section of the article relative to proceedings

against corporations in equity. The bill, it is true, contains some allegations which were not necessary to be stated therein under this section, and which are only required by the 189th rule of this court. But the provisions of that rule, although they were only intended to cover the case of an ordinary creditor's bill against natural persons, are broad enough to reach the case of a bill filed by a creditor of a corporation, under this thirty-sixth section, after the return of an execution unsatisfied. And there is nothing in that or in the three succeeding rules which is inapplicable to a creditor's bill filed against a corporation after the return of an execution unsatisfied, where the final decree upon such bill is to be for the benefit of other creditors of the corporation as well as the complainant.

The word petition only is used in the 36th section. But every bill in chancery is in fact a petition to the court for relief. In the recent case of *Judson* v. *The Rossie Galena Company and others, (In Chan. May* 17, 1842,) I come to the conclusion that a suit might properly be commenced against a corporation, under that section of the revised statutes, by bill as well as by petition ; and that a proceeding by bill was the most proper mode of commencing the suit where the complainant intends to proceed against the directors or stockolders of the corporation, to charge them personally in case the corporate property and effects should be found to be insufficient to pay all of the debts and liabilities of the corporation. Indeed, the forty-fifth section of that article of the revised statutes expressly recognizes the filing of a bill against the directors or stockholders, as well as against the corporation, whenever the creditor whose execution has been returned unsatisfied seeks to charge such directors or stockholders on account of any liability created by law.

In the case under consideration it is expressly charged in the bill that there are stockholders of the corporation who have not paid in the full amount of their stock, but whose names are unknown to the complainant ; and he prays for a discovery of the names of such stockholders and the amount due upon their stock. And the fifth section of the title of the re-

vised statutes relative to the powers, privileges and liabilities of corporations, (1 *R. S.* 600,) renders such stockholders liable to the creditors of the corporation to the extent of what remains unpaid upon their respective shares of the capital stock of the company, or such proportions thereof as may be required to satisfy the debts of the company. The complainant therefore, when he shall have obtained a discovery of the names of the stockholders who have not paid in the whole nominal amount of their respective shares of the stock of the corporation as fixed by the charter of the company, will have the right to amend his bill for the purpose of making them parties, to enforce their liability for the deficiency to the extent prescribed by the statute, if the property and effects of the corporation shall not be sufficient to pay and discharge all its debts. Or he may wait until a final decree has been rendered against the corporation, and the corporate effects have been distributed according to law, and may then file a supplemental bill against such stockholders to compel them to pay in the amount due upon their respective shares of the capital stock, or so much thereof as may be necessary to satisfy the residue of the debts of the company. (2 *R. S.* 465, § 49.)

In this case the order for the appointment of a receiver was properly granted, but it was erroneous in not extending the receivership to all the corporate property and effects. It does not appear however, from any of the papers which were before the vice chancellor, that the company owed any other debts except the complainant's judgment. The appellants cannot complain therefore that the whole property has not been taken from the corporation and placed in the hands of a receiver. The order appealed from must be affirmed with costs.

It was suggested upon the argument that an injunction had been granted, by which the corporation was deprived of the control of the whole property. Such an injunction should not be issued ex parte on the certificate of a vice chancellor or injunction master out of court, but upon the appointment of a receiver of all the property and effects of the corporation, it is proper for the court to make it a part of the order that the

directors and officers of the corporation be restrained from collecting any debts or demands due to the company, and from paying out, assigning, or delivering any of the property, monies, or effects of the corporation to any other person, and from incumbering the same. The affirmance of the order therefore is to be without prejudice to the right of either party to apply to the vice chancellor to have the receivership extended to all the property and effects of the corporation, and to have an injunction granted in the proper form if it has not already been regularly issued.

Proceedings remitted to the vice chancellor.

---

## BENJ. F. SHERMAN,

### MASTER IN CHANCERY,

**18 Wall-street, New-York.**