*Gridley, J.
 

 It is a general principle appli- - ^ cable to pleadings in equity, that the defendant *- should, in assigning the causes of a demurrer, clearly point out the nature of the objection which he takes (see Lube Eq. PL 338, 339,340, and also Mitford’s Pleading, Edwards’s edition, p. 108, note 1). No causes of demurrer not assigned will be regarded by the court. The only exception to this rule is the case of a demurrer
 
 ore terms,
 
 where the causes of a demurrer are assigned orÜ* on the argument, and where the party, if he succeed, gets no costs. In the present case, the only ground of the demurrer is, that the plaintiff has not stated such a case in his bill as entitles him to discovery or relief; in other words, it is a demurrer for want of equity. And the ground taken on the argument is, that the bill presents a plain case for an action at law against the company, for the recovery of the note mentioned in the bill, and that Livingston and Driggs are made parties solely for the purpose of discovery. And hence, it is said, that there being no jurisdiction in the court of chancery to grant the relief prayed for, the bill cannot be supported for discovery only
 
 (Vermilye
 
 v.
 
 Fulton Bank, 1
 
 Paige 37).
 

 
 *149
 
 By the 9th section of the act of incorporation of The Bosendale Manufacturing Company, it is enacted, “That the stockholders of the said corporation shall be holden, in their individual capacities, jointly and severally, for the payment of all debts contracted by the said company, to the nominal amount of the stock held by such stockholders, respectively; and any person having any demand against the said company may sue any stockholder singly and any two or more stockholders thereof jointly,1 and recover in any court having cognisance * 150 1 hereof, ProyiJeJ such suit shall not be main- -* tained, without proof that such demand had been presented to the proper officer of the said company for payment, and the payment thereof neglected or refused.”
 

 It is perceived, that the only condition upon which the liability of the stockholders was made by the act to depend, was a presentation of the demand to the proper officer of the company, and a refusal by him to pay it. The statute did not, like the charter of the Bossie Lead Mining Company, require a judgment against the corporation to be recovered, before a suit could be maintained against the stockholders; nor did it, like the act of 1811 (1 R. L. 247, § 7), make the dissolution of the
 
 cojjf/fa
 
 tion the condition of their liability. The presentation of the demand, and the refusal to pay it, in the case under consideration, was a full compliance with the requirements of the statute upon which to found a suit against the stockholders.
 

 Then comes the provision contained in the 45th section of the act entitled “ Of proceedings against corporations in equity” (2 R. S. 461), which is in the following words: “Whenever any creditor of a corporation shall seek to charge the directors, trustees or other superintending officers of such corporation,
 
 or the stockholders thereof,
 
 om account of any liability created by law, he may,
 
 file Ms bill for that purpose in the court of chancery,
 
 
 *150
 

 which shall possess jurisdiction to enforce such liability.”
 
 There can be no doubt, that the plaintiff in this case is seeking to charge the stockholders, on account of a liability created by law; for their liability is created and prescribed by the very words of the statute. The bill, in terms, seeks a discovery of the names of the other stockholders, who owned stock at the time of the making of the note in question, with their places of residence, and the nominal amount of stock owned by each. It prays also, as a part of the relief sought, that the stockholders, when thus discovered, may be compelled to pay over to a receiver to be appointed, such sums as they may be liable to pay in order to satisfy the plaintiff’s demand. The learned justice, therefore, who delivered the opinion of the superior court, committed an error, when he said, that the bill was filed against Livingston and Driggs solely for a discovery, *and that the cause of action was against the company only. If this *- position be correct, and the statements in the bill showed a clear case of liability on the part of the stockholders, then it follows, that by the very terms of the 45th section of the statute before cited, he had a right to file his bill in the court of chancery to enforce that liability. The plaintiff moreover prays for the discovery aforesaid to enable him to make the requisite parties defendants to the bill. This course was adopted in accordance with the principles established by well-settled practice.
 

 In the case of
 
 Morgan
 
 v.
 
 New York and Albany Railroad Co.
 
 (10 Paige 290), it was held by the chancellor, that where the creditor of an insolvent corporation, whose execution against the corporate property had been returned unsatisfied, was ignorant of the names of the stockholders whose shares of the capital stock had not been paid in full, he might pray for a discovery of their names, and after he had obtained such discovery, might amend his bill and make them parties, for the purpose of charging tnem personally for the deficiency, to the
 
 *151
 
 extent of their liability; or he might wait until a final decree against the corporation should be made, and then file a supplemental bill against the stockholders, for the purpose of charging them for any deficiency which might exist, after applying the assets of the corporation to the satisfaction of the decree.
 

 It is true, that the statute does not, in terms, authorize a creditor to join the corporation and the stockholders in the same suit. It, however, may be said, in relation to this point, in the first place (1) that no such objection as this is taken by the demurrer, and, therefore, cannot be regarded upon this argument; it was an objection in relation to parties, which, if it had been properly taken, might have induced the plaintiff to amend his bill; it would not necessarily defeat the suit as to any of the parties, except the corporation; and the bill might be dismissed as to the corporation, and retained as to the other defendants: but (2), we are inclined to think, that when the suit is brought in the court of chancery to charge the stockholders for a debt due from the corporation the corporation itself is a proper party.
 

 It is a general rule in equity, that all persons inter- * 152 1 es*e^ *n *resu^’ and all persons who are -* necessary parties in the taking of an account, should be made defendants. The corporation was certainly interested in the principal matter to be litigated, to wit, the establishment of a claim against the company ; and it seems to be the opinion of the chancellor, that where the suit is brought in chancery, under the 45th section of the act before cited, it is to be brought as well against the corporation as against the stockholders (10 Paige 293). The error into which the defendants’ counsel fell, was, in supposing it necessary to show either a dissolution of the corporation, or a judgment against it, as a condition of liability on the part of the stockholders. We do not think, that the bill was very skilfully framed but we are of opinion, that it is not subject
 
 *152
 
 to any objection which can be raised against it, under the demurrer on the record. The judgment must, therefore, be reversed.
 

 Decree reversed.
 
 [1]
 

 [1]
 

 See Young
 
 v.
 
 New York and Liverpool Steamship Co., 10 Abb. Pr. 299, 232, where it is said, this action was sustained, because brought before the code; a suit is no longer necessary to obtain a discovery, where the officers of the corporation aro subject to examination.