NEW-YORK PRACTICE REPORTS.      29

Hammond and others agt. The Hudson River Iron and Machine Co. and others.

## SUPREME COURT.

JOHN C. HAMMOND and others agt. THE HUDSON RIVER IRON
AND MACHINE COMPANY and others.

If the provisions of section 292 of the Code, in relation to supplementary pro-
ceedings, can, under any circumstances, be construed to apply to *corpora-
tions*, (which is doubted,) they cannot embrace those which are *insolvent*.

The provisions of the Revised Statutes (2 *R. S.*, 463,) are preserved by § 471
of the Code, and must govern proceedings supplementary to execution, against
insolvent corporations. (*This agrees with Hinds* agt. *The Canandaigua
& Niagara Falls R. R. Co., ante, p.* 487.)

Therefore, *held*, that where a judgment creditor had proceeded under § 292 of
the Code, against an insolvent corporation, to the appointment of a receiver,
&c., that he was not thereby entitled to a preference over the other creditors
of the corporation; and that he, with all the other creditors, must be subject
to the provisions of the several sections of the Revised Statutes, *supra*.

And on *petition and motion*, on behalf of other creditors of the corporation, to
set aside such proceedings, and for general equitable relief for the benefit of all
its creditors, and for the appointment of a receiver, &c., *held*, that all other suits
and proceedings instituted under § 292 of the Code, and otherwise, for the
benefit of particular judgment creditors, must be stayed until the determina-
tion of the present action, instituted under the provisions of the Revised Stat-
utes for the benefit of all the creditors.

There seeming to be no objection to the receiver already appointed, in the pro-
ceedings under § 292 of the Code, his appointment was continued under the
subsequent action.

*Washington Special Term, Sept.*, 1854.

THIS is a motion for the appointment of a receiver, and for
other relief, as specified in the notice.

The petition of the plaintiffs states that plaintiffs, on the
26th of June, 1854, obtained a judgment in the supreme court
of this state, against the defendants, for $10,671.48 damages
and costs, upon which execution was issued to the sheriff of
Washington county, (the defendants' place of business having
been in Fort Edward, in said county,) and has been returned
wholly unsatisfied. That after the return of the execution,

and on 29th July, 1854, plaintiffs commenced an action against all the defendants, who have all appeared, but no answer has been put in. That the company entirely stopped business in May last ; that before stopping, and previous to January, 1854, the company had become insolvent, and had ceased to pay anything towards its debts before stopping business. That the amount of the indebtedness of the company, according to a statement furnished by it in June, 1854, was between $90,000 and $100,000 ; and that its debts, at that time, and in January, 1854, amounted, at least, to $70,000 ; and that its property was not sufficient, at those times, to pay one half the amount of its debts. That its property was all personal and tangible, and has been sold on execution or executions, and on judgments belonging to defendant Beach; except a contract for the sale of certain real estate ; and that it is now possessed of no property except from its debts due, and from which may be realized $3,000, and except its interest in said real estate and water power, upon which it has heretofore carried on business, and which it purchased or agreed to purchase from the Fort Edward Manufacturing Company, and which is now held by said defendant, said company, by contract from said other company. That the original purchase money for said real estate and water power, was $13,000, upon which there is now due the sum of $7,000 or thereabouts. That the defendant, the company, has made valuable erections and improvements upon said property, and their interest therein is now worth $10,000. That defendant, Beach, claims to own and hold a judgment against the defendant, the company, for $1,025.31, obtained on the 18th of July, 1854, upon which an execution has been issued to the sheriff of Washington county, and returned unsatisfied ; and said Beach, since the return of said execution, has commenced an action in the supreme court of this state, against the defendant, the company, and the Fort Edward Manufacturing Company, for the satisfaction of said judgment out of the interest of the defendant therein, in the contract for the real estate aforesaid ; and that its interest may be sold or transferred to him, (Beach) upon such terms as the court shall deem just; and,

also, for a specific performance of said contract. That said Beach claims to be the assignee and owner of another judgment obtained by one Harry Chapman against the defendant, the company, on the 26th day of July, 1854, for $3,331.05, and upon which proceedings supplementary to execution have been instituted by Beach against said company, and Hazen W. Bennett appointed receiver; that said Beach claims the exclusive benefit of said proceedings, and that said judgment, so assigned, be first paid by the receiver from the assets of the company which may come to his hands. That said receiver claims the exclusive right and control over the remaining property and assets of the company, as such receiver, for the exclusive benefit of said judgment, so far as may be necessary for its payment.

That the defendant, the company, is a manufacturing corporation, organized under the act of 1811, and the several acts amending and continuing the same, and was insolvent on the 28th and 30th days of January, 1854. That the company have interposed no defence to the suits or proceedings of defendant, Beach, who is in possession of said real estate, and that the company are colluding with him to give him a preference over their other creditors.

The complaint charges that defendants, Beach and Mears, claim and pretend that they have paid a large amount for said company, as endorsers, and are liable for a still larger amount, in all to at least $25,000; and that they took a mortgage from said company on the 30th of January, 1854, to cover said amount of $25,000, covering all the estate real and personal of the company; and that they have possessed themselves of all the personal property and assets of the company, and have disposed of the same, or of a large amount thereof, to pay their said liabilities. That said transfer or mortgage was fraudulent, and that said company had, previous to said 30th January, 1854, refused payment of all or some of its notes and debts; that said mortgage was not filed till 25th of May, 1854, at which time the company had stopped payment. That said Beach and Mears had sustained no losses when they sold the property un-

der said mortgage, nor was the company indebted to them for money borrowed; that a judgment was obtained by Beach a few days afterwards, for all indebtedness, and satisfied by a sale upon execution, and that said judgment was fraudulently obtained. That the amount of the capital stock of the company was $13,000, and that Beach and Mears were original, and still are, stockholders in said company.

The defendants, in their affidavits, deny all fraud, and aver that their liabilities for the company amount to $29,000; that the mortgage was given to secure them against loss. That the judgments which Beach obtained, and now owns and claims, were honestly and fairly obtained for ·honest and fair debts— and proceedings supplementary to execution, regularly instituted under the Code—and the receiver gave the required bond, and has entered upon the duties of his office. That the amount in his hands will not be sufficient to pay the amount of the first judgment. That the action commenced against the defendant, the company, and the Fort Edward Manufacturing Company, to obtain satisfaction of the judgments mentioned in the complaint, were regularly commenced on and previous to the 22d of July, 1854, and no answer has been received in either of them.

ROMEYN & TABOR, *for plaintiffs.*
A. D. WAIT, *for defendants.*

C. L. ALLEN, Justice.—The relief asked for in the notice of motion is various. The first prayer is for the appointment of a receiver, in this action, of the property and effects of the Hudson River Iron and Machine Company, for the benefit of all the creditors of said company, in proportion to their debts respectively, pursuant to the complaint and petition. In considering the motion, I shall lay out of view entirely the charge of fraud, so far as defendants, Beach and Mears, are concerned. That is a matter not to be tried on affidavit or on this motion, but on the trial, if any is hereafter had.

The important question that presents itself for consideration

is, whether a corporation can be proceeded against, like an individual debtor, under § 292 of the Code?

That section does not speak of corporations, but only of the judgment debtor; and § 294, for the first time, names corporations, and provides that a judge, in certain cases, may make an order requiring such corporation or member thereof, to appear at a specified time and place, and answer concerning any property which may be in the hands of such corporation belonging to the judgment debtor. It would seem, from the entire silence of § 292, that corporations were not intended to be included within its provisions; and were it not for the general section of a statute, enacting that wherever the term "*person*" was used in the Revised Statutes, it should be held to include corporations as well as individuals, and from the remarks of the CHANCELLOR in *Morgan* agt. *The New-York & Albany Railroad Company*, (10 *Paige*, 290,) I should be inclined to come to that conclusion. But conceding that the section would, under certain circumstances, and might be construed to include corporations, I am of opinion that it does not embrace those which are insolvent.

It has been well remarked that § 292 was a substitute for the old creditors' bill; and in the case just cited, it was held, that a judgment creditor who filed a bill to obtain his debt out of the property and effects of the corporation, after the return of an execution unsatisfied, must proceed, according to the provisions of the Revised Statutes relative to proceedings against corporations, in equity.

The 36th section of that act (2 *R. S.*, 463; 4*th ed.*, 705, § 44,) declares that "Whenever a judgment at law or a decree in equity shall be obtained against any corporation incorporated under the laws of this state, and an execution issued thereon shall have been returned unsatisfied in part or in the whole, upon the petition of the person obtaining such judgment or decree, or his representatives, the supreme court may sequestrate the stock, property, things in action and effects of such corporation, and may appoint a receiver of the same."

The next section declares, that upon a final decree on any

Hammond and others agt. The Hudson River Iron and Machine Co. and others.

such petition, the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among the fair and honest creditors of such corporation, in proportion to their debts respectively, who shall be paid in the same order as provided in the case of a voluntary dissolution of a corporation. Section 38 enacts, that whenever any incorporated company shall have remained insolvent for one whole year, or for one year shall have failed and neglected to pay and discharge its notes, it shall be deemed to have surrendered its rights and privileges, and shall be adjudged to be dissolved.

The defendant, Beach, swears that to his knowledge and belief, the company was not insolvent on the 28th of January last, but admits that it was so insolvent on the 26th of May last; but he does not deny, nor does Mears, the allegations in the complaint and petition, that the company had, previous to the 30th day of January, 1854, refused payment of all, or some of its notes. Besides, it appears from the papers, on both sides, that the defendant Beach's execution was returned unsatisfied, and that his case comes wholly within the provisions of section 36. These sections are not repealed by the Code, nor are they inconsistent with it. Indeed, section 471 seems to have been intended to preserve them entire, and to exempt proceedings as against corporations from its operation; and the case of *Dambman* agt. *The Empire Mills and others*, (12 *Barb.*, 341,) intimates the same doctrine. I think, therefore, that the proceedings of defendant, Beach, under section 292, do not entitle him to a preference over the other creditors of the corporation; and that he, with all the other creditors, must be subject to the provisions of the several sections above, recited. It is contended by defendants, that if Beach obtained no preference by the supplementary proceedings, that relief cannot be granted by this motion, but that the remedy was by appeal. These proceedings were *ex parte* by the judgment creditor. Plaintiffs were not a party to them, and had no opportunity of appealing; and, I think, can avail themselves of this remedy.

2. Another claim for relief is founded upon the position taken by the plaintiffs' counsel, that the defendant, Beach, cannot acquire the interest of an insolvent corporation, to a right by contract, in real estate, under the provisions, 1 *R. S.*, *p.* 744, §§ 4, 5, 6, any more than he can obtain a preference under section 292. If the former position is correct, that the proceedings must be regulated by the provisions of the statute before recited, it would seem to follow that this view is tenable. At all events, for the purposes of this motion, I will hold it to be so, reserving my final opinion for a future state of the cause. (*See* 10 *Paige,* 290 ; 15 *Barb.,* 62 ; 6 *Paige,* 482.)

I think, however, that under section 122, the plaintiffs might apply to be made parties to Beach's suit, to recover the real estate. But as the rights of all can be protected under the present action, I think it most advisable that all other suits be stayed, until the determination of the present one ; and, if necessary, a notice must be published requiring all the creditors to exhibit their claims, and become parties to the suit within the time required by section 56. (2 *R. S.,* 466 ; *4th ed.,* 708, § 64.)

As to the appointment of receiver, I perceive no good objection to retaining Mr. Bennett. He appears to be in no wise connected with the company, and is shown to be a proper and suitable person. Besides he has proceeded so far in the execution of the duties of that office, as to have probably made himself well acquainted with the affairs of the company, and will thus be able to discharge the trust in a manner more beneficial to the creditors, than a stranger. As it is probable that the undertaking which he has executed, will not be valid and binding under the present proceedings and appointment—he must renew his undertaking within 20 days, and file it with the clerk of this court in Washington county—and he is to retain in his hands, or invest as the court shall hereafter direct, all moneys and assets, and property which he has received or shall hereafter receive, belonging to the company, and is not to pay over any money to any person, except by the order of the court—

but is to be at liberty to apply for instructions to the court, from time to time, as he shall be advised.

The defendant Beach is to be, in the meantime, restrained from prosecuting either of his actions commenced against the defendant, the company, and the Fort Edward Manufacturing Company ; and, also, from any further action under his supplementary proceedings, until the further order of the court—and the plaintiffs are to-be at liberty to amend their complaint, by making the receiver, and such other persons, parties, as they may deem advisable. Ten dollars costs of this motion to abide the event of the action.

Order accordingly.