By the Court.—Speir, J.
The only question for review is whether the facts as found, without exception, sustain the conclusions of law. The fact is proved, as found by the referee, that there were other delinquent stockholders besides the defendant, and that the plaintiffs could not recover in this form of action.
It will be seen by reference to this special act, that the only provision under which stockholders are liable for any debts of the company, is contained in the general clause, providing that the corporation shall have all the powers and be subject to the restrictions and liabilities applicable to corporations generally, in the State of Hew Jersey, under the “act concerning corporations,” approved February 14,1846, and the acts supplementary thereto. The fifth section of the act itself contains the provision under which the question arises.
Ho individual or several liability on the part of the stockholder is created by this section. The language is clear and explicit. There are two conditions of liability expressed, in terms. Where the whole capital of the corporation shall not have been paid in, and where the capital paid shall be insufficient to satisfy the claims of creditors, “Each stockholder shall be bound *374 to pay on each share held by him the sum necessary to complete the amount of such share as fixed by the charter of the company, or pay such proportion of the sum as shall be required to satisfy the creditors of the company. ’ ’ The liability is incurred when the capital paid in is insufficient to satisfy the debts against the corporation, and then only to an amount sufficient for that purpose. The liability is to the creditors of the corporation—and not to the individual stockholders— to the extent of what remains unpaid upon their respective shares of the capital stock of the company, or of such proportions thereof as may be necessary to satisfy the debts of the corporation. An account must be first taken of the debts, of the assets, ando of the aihoimt of capital remaining unpaid upon the shares, and the amount unpaid by each stockholder, in order that they may be made equally liable, before each stockholder shall be bound to pay on each share held by him. In short, the stockholders under the statute are not liable to the company, but for the debts, and the debts are due to the creditors and not to the company (Morgan v. N. Y. & Albany R. R. Co., 10 Paige, 290 ; Mann v. Pentz, 3 N. Y. 416). In this last case it was decided that only an equitable action by the creditors against all the stockholders to assess and recover from each their pro rata share of the debts would lie; and that no action on the part of the company could be maintained for that purpose. Yo one creditor of the company can maintain an action against an individual stockholder, for the reason that the liability created by the statute is to the creditors generally, and not to individual creditors, thus creating a liability to the creditors jointly. In equity, this liability enures to the creditors in proportion to the amount of their debts, respectively. A court of law cannot do justice between the parties in a joint action by all the creditors, and work out this equity.
*375 I have not been able to find any decision by the courts in New Jersey conferring directly or by implication any right of action to the corporation against stockholders, or any action at law to any creditor against an individual stockholder where stock is not fully paid up. The statutes under which the decisions in this State are uniform are in all respects the same as the one at bar. In all the cases these statutes have received but one interpretation—a joint liability on the part of delinquent stockholders to pay pro rata according to their stock, and a right on the part of the creditors to have such moneys applied pro rata and equitably in.payment of their debts.
The judgment must be affirmed with costs.
Curtis, Ch. J., and Sedgwick, J., concurred.