## PERSCH v. SIMMONS.

*(Supreme Court, Special Term, New York County. January 3, 1889.)*

1. EXECUTION—SUPPLEMENTARY PROCEEDING—STOCKHOLDER OF FOREIGN CORPORATION.
   Under Code Civil Proc. N. Y. § 1871, providing that when execution has been returned unsatisfied the creditor may maintain an action against the debtor or ·any other person to compel the discovery of property or money due the debtor, and ·to procure satisfaction of his demand, a judgment creditor of a foreign corporation, after the return of execution unsatisfied, may sue a stockholder indebted to the cor-poration for unpaid subscription for stock.

2. PARTIES—DEFECT OF PARTIES—FAILURE TO DEMUR—WAIVER.
   Under Code Civil Proc. N. Y. § 499, a defect of parties appearing on the face of the complaint is waived if not raised by demurrer.

Action by William A. Persch against James A. Simmons. Defendant de-murs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Code Civil Proc. § 1871, so far as mate-rial, is as follows: "When an execution against the property of a judgment ·debtor, issued out of a court of record, * * * has been returned wholly ·or partly unsatisfied, the judgment creditor may maintain an action against ·the judgment debtor and any other person to compel the discovery of any thing in action, or other property belonging to the judgment debtor, and of ·any money, thing in action, or other property due to him, or held in trust for him; to prevent the transfer thereof, or the payment or delivery thereof, to him or to any other person; and to procure satisfaction of the plaintiff's ·demand, as prescribed in the next section but one."

*Edwin R. Leavitt*, for plaintiff. *Emmet R. Olcott*, for defendant.

INGRAHAM, J. The allegation of the complaint as to the ground of indebt-·edness of the defendant to the People's Dairy Association is that the said cor-poration sold and delivered to this defendant 200 sharês of the capital stock ·of said association, for which the defendant agreed to pay the sum of $2,000, of which the sum of $500 is still unpaid. That the defendant was indebted to the corporation in the sum of $500, and that the corporation could main--tain an action at law against the defendant for the balance due, is clear. As-·suming that the transaction was a subscription by the defendant to the stock ·of the corporation, it is settled in this state that such a subscriber becomes a ·debtor to the corporation for the balance of his subscription, which the cor-poration could recover from him in an action at law. *Dayton* v. *Borst*, 31 N. Y. 435; *Railroad Co.* v. *Mason*, 16 N. Y. 464.

The defendant being thus indebted to the corporation, the plaintiff ob-

tained a judgment against the corporation for a sum exceeding the amount due to the corporation from the defendant, and, having exhausted his remedy at law against the corporation, commenced this action to have the amount of defendant's indebtedness to the corporation applied to the satisfaction of his judgment. Such an action is expressly authorized by section 1871 of the Code, and is sustained by the decision of the commission of appeals in Bartlett v. Drew, 57 N. Y. 588. In the case of Griffith v. Mangam, 73 N. Y. 612, the obligation was created by a statute of the state of New Jersey, which provided that when the whole capital of a corporation shall not be paid in, and the capital paid shall not be sufficient to satisfy the claims of its creditors, each stockholder shall be bound to pay on each share held by him the sum necessary to complete the amount of such share as fixed by the charter of the company, or such proportion of that sum as shall be required to satisfy the debts of the company. It was held that there could not be a recovery by these creditors against a single stockholder, and that the action necessary to charge the defendants was one in equity, bringing in the other stockholders in like predicament with him; and the case of Bartlett v. Drew, supra, was distinguished, as in that case the liability sought to be enforced was not one created by statute, but a common-law liability. It is evident that under this statute the liability imposed upon the stockholder was only to pay so much of the balance remaining on his stock as would be necessary to satisfy the debts of the corporation, and to ascertain that amount the presence of all the stockholders was necessary. In Morgan v. Railroad Co., 10 Paige, 292, the judgment debtor was a domestic corporation, and it was decided that the plaintiff must pursue the remedy prescribed in the Revised Statutes. The same may be said of Mann v. Pentz, 3 N. Y. 416. The judgment debtor is a foreign corporation, and the return of the execution unsatisfied shows that it has no property within this state upon which the plaintiff can levy to satisfy his judgment; and, unless he can maintain this action, he has no remedy in the courts of this state.

The defendant does not demur on the ground of a defect of parties plaintiff or defendant; and as the objection was not taken by the demurrer, so far as it appears on the face of the complaint, it must be held to have been waived. Code, § 499. I think the demurrer should be overruled, and judgment ordered for plaintiff, with costs, with leave to defendant to answer within 20 days on payment of costs.