(4 Misc. Rep. 517.)
STEPHENS v. PAGE et al.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

SUPPLEMENTARY PROCEEDINGS—AGAINST WHOM MAINTAINED — CORPORATIONS.
In New York, supplementary proceedings cannot be maintained against a foreign corporation having no place of business within the state.

Appeal from third district court.

Action by George W. Stephens, as receiver of the McCall Publishing Company, a foreign corporation, against Arthur H. Page and Joseph H. Ringot, to recover the assets of such company, for the purpose of applying the same on an execution in favor of Walter Logan. Logan procured an order for the examination of such corporation in proceedings supplementary to execution, and, at the close of such examination, plaintiff was appointed receiver. One of the defenses interposed is that plaintiff has no capacity to sue, and that the court had no power or jurisdiction to appoint plaintiff, on the ground that such proceedings are not authorized against foreign corporations. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

A. A. Michell, for appellants.
E. J. Tinsdale, for respondent.

GIEGERICH, J. The principal question presented by this appeal is, can a foreign corporation, not having a place of business

within the state, be examined as a judgment debtor in supplementary proceedings for the purpose of the appointment of a receiver of its assets to be applied upon an execution? · Section 2463 of the Code of Civil Procedure excepts from the provisions of the foregoing sections relating to supplementary proceedings, domestic corporations and foreign corporations specified in section 1812, except in proceedings by or against the people. Section 1812 refers to, and is to be read with, section 1810, and is declaratory of the kinds of corporations which come within the provisions of such latter section. These corporations are domestic corporations and foreign corporations doing business within the state, or having therein a business agency or fiscal agency, such being the corporations referred to in section 2463. It is contended that, since there is no mention in section 1812 of corporations not having a place of business within the state, therefore the provisions of the Code relating to supplementary proceedings are applicable to the case at bar, but a careful reading of the enactment in question does not support this view. Section 1810 is express in its terms, and declaratory of the cases where a receiver of the property of a corporation may be appointed. These cases do not include that of the appointment of a receiver in supplementary proceedings. Section 1812 prescribes over what corporations a receiver may be appointed, and is, in effect, strengthened by the declaration in section 2463, which we read as a reiteration of such former section. Our conclusion is that the appointment of the plaintiff as receiver of the McCall Publishing Company was unauthorized, and this conclusion appears to be eminently reasonable, in view of the familiar rule that preferences cannot be given to creditors of insolvent corporations. A contrary determination would, in effect, be a granting of such a preference. Hammond v. Machine Co., 11 How. Pr. 29. So much for the respondent's contention, but our determination of the question has the support of reason and authority upon still another ground. In order that supplementary proceedings may be instituted, the execution must have been issued to the sheriff of the county where the debtor has (1) a place for the regular transaction of business in person; (2) where he resides; or, (3) if he is not then a resident of the state, to the sheriff of the county where the judgment roll is filed, (Code Civil Proc. § 2458,) which latter requirement necessarily implies residence in the state at the time of rendition of the judgment. None of these requirements can be met by a foreign corporation, as, in no sense, can such a corporation be a "resident." Moreover, the whole intent to be gathered from the sections of the Code relating to these proceedings is that the judgment debtor should be a natural person. Hinds v. Railroad Co., 10 How. Pr. 487. In Sherwood v. Railroad Co., 12 How. Pr. 136, it is expressly held that supplementary proceedings are not to be taken against corporations. These two last-cited cases are adjudications under the old Code, but the provisions of the present Code with reference to these proceedings are, as far as this question is concerned, as much a re-enactment of the provisions of the old Code

as though so enacted in express words. See, also, Fiero, Spec. Proc. p. 519. It follows that, since the proceeding was unauthorized in the first instance, the receiver appointed thereunder was without power to maintain the action now before us. Our conclusion does not leave a creditor of a foreign corporation with property in the state, but with no place of business therein, remediless, as is contended by respondent to be the case. Equity can afford relief under a state of facts similar to those before us, as was done, but without preferences, in Redmond v. Hoge, 3 Hun, 171. The judgment should therefore be reversed, and judgment absolute, for dismissal of the complaint, should be directed in favor of the defendants, with costs.