.NEW-YORK PRACTICE REPORTS. 487

Hinds agt. The Canandaigua and Niagara Falls Railroad Co.

## SUPREME COURT.

### JACOB HINDS agt. THE CANANDAIGUA AND NIAGARA FALLS RAILROAD COMPANY.

The provisions of the Code, (§ 292,) in regard to proceedings supplementary to execution, are not applicable to judgments *against corporations*.

That section evidently refers exclusively to a judgment against natural persons, who have or are capable of having a *residence* in the common acceptation of that term. (*See Conroe* agt. *The National Protection Insurance Company*, *ante*, *p*. 403.)

Resort must still be had against corporations in such cases, to the remedies prescribed by the Revised Statutes against corporations, (2 *R. S*. 463,) which are still in force—being preserved by § 471 of the Code.

*Seventh Judicial District, General Term, March,* 1855.
Present, JOHNSON, WELLES, and STRONG Justices.

THE plaintiff, on the usual affidavit that he had obtained judgment against the defendant for $12,227.07, and had issued an execution to sheriff of Ontario county, requiring him to collect the same from the defendant's property, and that the execution had been returned wholly unsatisfied, procured an order from the county judge of Ontario county, requiring the said corporation to appear before said judge to be examined concerning its property, and where it was to be found, under § 292 of the Code. The order was directed to be served either upon the secretary or the president of the corporation.

The affidavit set out that the defendant was a corporation, and that its road run through the counties of Erie, Niagara, Genesee, Livingston and Ontario, but did not disclose where its office or principal place of business was located. On the return of the order, served as directed, the defendant appeared by attorney, for the purpose only of taking objections to the proceedings, and raised various objections, and among others that the provisions of the Code, in regard to proceedings supplementary to execution, were not applicable to judgments against corporations, and that the county judge had no jurisdiction in the premises. The judge overruled the objections, and

the defendant's attorney declining further to appear or answer, the county judge, on motion of the plaintiff's attorney, appointed a receiver of the property and effects of the corporation.

From this order the defendant appeals to this court.

*J. L.* TALCOTT, *for plaintiff.*

*J. C.* SMITH, *for defendant.*

By the court—JOHNSON, Justice.   The objection made by the defendant's attorney was well taken, and the proceedings should have been dismissed by the county judge.   The Code is not applicable in the case of a judgment aga.nst a corporation.   Section 292 provides for an order of this description, when an execution against the property of the judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where *he* resides, or if *he* does not reside in the state, to the sheriff of the county, where a judgment roll is filed, is returned unsatisfied in whole or in part.   This evidently refers exclusively to a judgment against a natural person who has, or is capable of having, a residence in the common acceptation of that term.   All the provisions of this section, in reference to the appearance and examination of the defendant, and compelling him to appear, and punishing him for contempt, look in the same direction.   It is necessary, in order to give the judge jurisdiction to issue the order, and entertain proceedings under it, that the plaintiff should show, by affidavit, that he has issued his execution to the sheriff of the county in which the defendant resides; or if the defendant is a non-resident of the state, that must be shown; and then it must appear that the execution has been issued to the sheriff of the county in which the judgment has been docketed.   A corporation, being a mere artificial being, can have no residence in any legal sense any where; and this jurisdictional fact can never be shown in the case of an execution against such a defendant. It was not shown in the present case, nor could it be.

Provision is made by § 294 for an order requiring a corpora-

Hinds agt. The Canandaigua and Niagara Falls Railroad Co.

tion, or any officer or member thereof, to appear and answer, where it is shown, by affidavit, that such corporation has property of the judgment debtor, who is proceeded against, or is indebted to him.

This provision, in reference to the order requiring the appearance of a corporation in that particular case, shows, I think, that it was never intended that the provisions of § 292 should apply to corporations. And where a corporation is required to answer in the specified case, § 296 provides that it shall be on the oath of an officer thereof.

The order provided by § 294 is, as we have held in another case, a proceeding in aid of the principal proceeding against the judgment debtor, and must be had in connection with it, and cannot be resorted to independently of any proceeding against such judgment debtor.

The provisions of the Revised Statutes, in reference to proceedings in equity against corporations, are still in force, except that the remedy is to be by action in form the same as other actions since the Code. Those provisions are expressly preserved by § 471 of the Code. It was held in *Morgan* agt. *The New-York and Albany Railroad Co.*, (10 *Paige*, 290,) that the provisions of the Revised Statutes, in reference to creditors' bills against judgment debtors, did not apply to cases where the judgment debtor was a corporation. But that, in all such cases, proceedings must be had under Title 4, Chap. 8, Art. 2, of Part 3 of the Revised Statutes. (2 *R. S.* 463.)

If a creditor's bill could not be upheld against a corporation, under the provisions of the Revised Statutes in reference to creditors' bills, (2 *R. S.* 173, § 38,) it is clear, I think, that no such order as the one issued in this case, and the one made from which the appeal is taken, can be sustained. Resort must still be had against corporations, in such cases, to the remedies prescribed by the Revised Statutes against corporations before referred to.

The order appealed from is void, and the proceedings must all be set aside, with costs of the appeal.