### MEYER v. CONSOLIDATED ICE CO.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. CORPORATIONS (§ 676*)—FOREIGN CORPORATIONS—SUPPLEMENTARY PROCEEDINGS—LIABILITY OF CORPORATIONS.

Code Civ. Proc. tit. 12, art. 1, § 2432 et seq., provide for supplementary proceedings. Section 2444 provides that a corporation must attend and be examined under oath of an officer thereof and section 2452 provides for service on a corporation. *Held*, that supplementary proceedings will lie against a foreign corporation against which sequestration proceedings cannot be brought under Code Civ. Proc. § 1784.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2654; Dec. Dig. § 676.*]

2. CORPORATIONS (§ 676*)—FOREIGN CORPORATIONS—SUPPLEMENTARY PROCEEDINGS—SERVICE OF ORDER ON FOREIGN CORPORATION.

The service of an order in supplementary proceedings against a foreign corporation on a person designated as one on whom service can be made under General Corporation Law (Laws 1890, p. 1063, c. 563) § 16, and Code Civ. Proc. § 432, but not on an officer designated in section 2452, relating to the service of orders in supplementary proceedings against corporations, is insufficient, as Code Civ. Proc. § 433, provides that the provisions of section 432 do not apply in special proceedings "where special provision for the service thereof is otherwise made by law."

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 676.*]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Tilbert Meyer against the Consolidated Ice Company. Defendant appeals from an order denying a motion to vacate an order for its examination in supplementary proceedings, and to set aside service thereof. Order reversed.

See, also, 115 N. Y. Supp. 1131.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Benó B. Gattell, for appellant.
Carl S. Stern, for respondent.

SCOTT, J.  This is an appeal by the judgment debtor from an order overruling objections to the order for its examination in proceedings supplementary to execution.  The appellant is a foreign corporation, against whom a judgment was recovered by respondent on December 1, 1908.  Execution was issued and returned unsatisfied, and an order for the examination of the judgment debtor was obtained.  Two questions are presented on the appeal: First, whether supplementary proceedings can be had against a foreign corporation; and, second, if such proceedings can be had, whether in the case at bar service of the order was effectually made upon the appellant.  Under the old Code of Procedure (section 292 et seq.) it was held that the provisions for proceedings supplementary to execution applied to natural persons only, and not to corporations.  Hinds v. C. & N. F. R. R. Co., 10 How. Prac. 487; Sherwood v. Buffalo, etc., R. R. Co., 12 How. Prac. 136. Both of these cases had reference to domestic corporations as to which it was held that remedy in case of insolvency must be had by proceedings for sequestration.  Furthermore, the language used in that Code, while applicable to natural persons, was quite inapplicable to corporations.  When part 2 of the Code of Civil Procedure was adopted in 1880, it contained a number of sections devoted to proceedings for the examination of judgment debtors.  Chapter 17, tit. 12, art. 1, § 2432 et seq.  These provisions were much more elaborate than those upon the same subject contained in the Code of Procedure, and for the first time contained provisions looking to the examination of a corporation in such proceedings.  Thus section 2444 provided that a corporation must attend and be examined under oath of an officer thereof, and section 2452 provided how service should be made upon a corporation.  These provisions remain unrepealed.  In Logan v. McCall Pub. Co., 140 N. Y. 447, 35 N. E. 655, the Court of Appeals said as to the provisions of the Code of Civil Procedure:

"The only limitation upon the rights to take proceedings supplementary to execution against any class of debtors is contained in section 2463."

The limitation referred to read as follows:

"This article does not apply where the judgment debtor is a corporation created by or under the laws of this state or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state."

It was accordingly held that supplementary proceedings might be maintained against a foreign corporation doing no business and having no agency in this state, because such a corporation was not specified in section 1812, and therefore not within the limitation expressed in section 2463.  This limitation has now been repealed (chapter 278, p. 766, Laws 1908); and, since this limitation was all that the Court of Appeals found to prevent the taking of proceedings sup-

plementary to execution against any class of debtors, it follows that there is now nothing to prevent taking such proceedings at least against a foreign corporation against whom sequestration proceedings cannot be brought. Code Civ. Proc. § 1784.

The answer to the second question rests upon other considerations. The order for defendant's examination was served upon one Nemiah H. Campbell, who is not an officer of appellant, but was a person designated as one upon whom service can be made under section 16 of the general corporation law (Laws 1890, p. 1063, c. 563) and sections 432 and 433 of the Code of Civil Procedure. It is therefore competent and sufficient to serve upon him "any process or other paper whereby a special proceeding is commenced in court, or before an officer, except a proceeding to punish for contempt, and except where special provision for the service thereof is otherwise made by law." Section 433. Section 2452, Code Civ. Proc., relating to the service of certain orders in supplementary proceedings, provides as follows:

"An injunction order, or an order requiring a person to attend and be examined as prescribed in this article must be served as follows: * * * Service upon a corporation is sufficient if made upon an officer to whom a copy of a summons must be delivered, where a summons is personally served upon the corporation, unless the officer is specially designated by the judge as prescribed in section 2444 of this act."

In our opinion this section contains special provision for the service of the order for examination which commences a proceeding supplementary to execution. It requires service to be made upon an officer as in a case where such service is personally served upon a corporation. Service upon a designated person, not an officer, is scarcely personal service upon the corporation, but is more in the nature of substituted service. Our conclusion is that, while supplementary proceedings may be maintained against a foreign corporation, they can be commenced only by service upon an officer of the corporation as prescribed in section 2452, Code Civ. Proc.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the service of the order set aside as against the appellant.

INGRAHAM, LAUGHLIN, and CLARKE, JJ., concur. HOUGHTON, J., dissents.