In the Matter of TILBERT MEYER, Appellant, *v.* CONSOLIDATED ICE COMPANY, Respondent.

**Supplementary proceedings — corporations — improper service of order in supplementary proceedings upon foreign corporation.**

It is not sufficient service of an order in supplementary proceedings, by which a foreign corporation is required to make discovery on oath concerning its property, to deliver such order to a person designated by the corporation as one upon whom a summons might be served in accordance with the General Corporation Law and section 432 of the Code of Civil Procedure, but such service must be made in accordance with section 2452 of the Code upon an officer of the corporation.

*Matter of Meyer* v. *Consolidated Ice Co.,* 132 App. Div. 265 affirmed.

(Argued October 7, 1909; decided November 30, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1909, which reversed an order of Special Term denying a motion to set aside service of an order for examination in supplementary proceedings and granted said motion.

The following question was certified : "Can supplementary proceedings against a foreign corporation be commenced only by service upon an officer of the corporation as prescribed in section 2452 of the Code of Civil Procedure ?"

*Carl S. Stern, Benjamin Tuska* and *Gustavus A. Rogers* for appellant. The construction of sections 432, 433 and 2452 of the Code of Civil Procedure by the Appellate Division works a hardship, militates against public convenience and should not be adopted unless the clear language of the statute compels. (*Pierson* v. *People,* 79 N. Y. 424.) The reading together of sections 432, 433 and 2452 of the Code of Civil Procedure discloses the true intent of the legislature, which is that an order of examination must be served (§ 433) upon a person upon whom (§ 432) a summons must be served. If an officer of a corporation is served, then service will be sufficient if made upon any officer specified in section 432 unless the court specifies a particular officer (§ 2452), that is, unless the court in its order specifies some particular officer. If it specifies no officer, then the judgment creditor may select the person upon whom to effect service that is to initiate the proceeding. (*Black* v. *Canal Co.,* 22 N. J. Eq. 130 ; *People ex rel. Huber* v. *Feitner,* 71 App. Div. 479 ; *Matter of Dawes,* 108 App. Div. 174 ; *Davis* v. *Supreme Lodge,* 165 N. Y. 159 ; *County of Orange* v. *Ellsworth,* 98 App. Div. 275 ; *Woods* v. *Supervisors, etc.,* 136 N. Y. 403 ; *Regina* v. *Greenland,* 15 L. T. Rep. [N. S.] 589 ; Endlich on Interp. of Statutes, § 219 ; Bradner on Supp. Pro. [2d ed.] 714.)

*Beno B. Gattell* and *Thomas D. Adams* for respondent. There is an exclusive Code provision for service of an order commencing supplementary proceedings upon a corporation

which reads, service upon a corporation is sufficient if made upon an officer to whom a copy of the summons must be delivered, unless the judge specially designates the officer. It must be an officer, it may be an officer to whom a copy of the summons must be delivered or it may be an officer designated by a judge, but it must be an officer. That is imperative and jurisdictional, according to the plain intent of the language. (Code Civ. Pro. § 2452.)

Hiscock, J.   The defendant is a foreign corporation and an order was made in supplementary proceedings requiring it to appear and make discovery on oath concerning its property. The only service of this order was by delivery to a person designated in accordance with the provisions of section 16 of the General Corporation Law and section 432 of the Code of Civil Procedure, as one upon whom a summons might be served. The question is whether such service was sufficient. I think that it was not.

Section 432 of the Code provides that personal service of a summons upon a foreign corporation " must be made by delivering a copy thereof, within the state as follows:   *   *   * 2. To a person designated for the purpose as provided in section 16 of the General Corporation Law."

Section 433 of the Code enacts that the provisions " relating to the mode of service of a summons apply likewise to the service of any process or other paper, whereby a special proceeding is commenced in a court, or before an officer   *   *   * except where special provision for the service thereof is otherwise made by law." Supplementary proceedings of course are special proceedings.

Section 2452 of the Code, in the article relating to supplementary proceedings, after providing for service upon a natural person of an injunction order or an order to attend and be examined, provides: " Service upon a corporation is sufficient if made upon an *officer*, to whom a copy of a summons must be delivered, where a summons is personally served upon the corporation; unless the officer is specially desig-

nated," etc.    It is not urged that a person designated for the purpose of receiving service of a summons is an " officer " of the corporation.

It is claimed by respondent that section 2452 contains in the paragraph just quoted that special provision for the service of an order in supplementary proceedings which is contemplated by section 433· and that, therefore, the general provision of the latter section that special proceedings may be commenced by service of an order upon any designated person upon whom a summons might be served under section 432 is not applicable ; that the special provision for service of the order in supplementary proceedings upon an officer of a corporation is exclusive of any other service.

As indicated, I think that this view is the correct one, and that there is a reason for the special provision in section 2452.

This proceeding was instituted for the purpose of compelling the defendant to appear and answer concerning its property.    Section 2444 provides : " A corporation must attend by, and answer under the oath of, an officer thereof."    The provision of section 2452 is in accordance with this last provision.    Supplementary proceedings can only be instituted against a foreign corporation by service upon an officer, because the corporation can only comply with such order by the appearance and submission to examination by an officer.    If the proceedings were instituted by service on some person designated under the statute who was not an officer and when, for instance, there was no officer within the state, we might have either one of two results.    Either the proceeding would be entirely ineffective because the corporation would not appear in the manner provided by the statute, or else by service on a person in New York state an officer of a corporation living in some foreign state would be compelled to come and attend here for the purpose of examination. Neither result is to be contemplated.

There is a perfectly apparent reason for the difference between provisions for service of a summons on a foreign cor· poration · and those providing for the institution of supple-

mentary proceedings. In the case of the summons the court is simply seeking to obtain jurisdiction for the purpose of rendering a judgment affecting property and the personal appearance of the corporation is not essential and hence service may be made in any manner adopted. In the case of supplementary proceedings looking to an examination of the debtor it is essential that it should personally appear by some one competent to give information concerning its property and hence the provision that the proceeding must be instituted by service on an officer who can give such information.

It is urged that this construction of the statute may result disadvantageously to the judgment creditor. It is doubtless true that many times it is a disadvantage to a person desiring to secure relief that the person against whom he desires relief is either a non-resident of the state or a foreign corporation beyond the reach of process. In the case of such proceedings as these if a person desired to have a general examination of a foreign corporation for the purpose of discovering whether it had any property applicable to the payment of its debts, relief largely might be barred by the fact that the corporation had no officer within the state upon whom an order in supplementary proceedings might be served and from whom the desired information might be obtained. But this disadvantage would not be cured if we should hold that the creditor might institute proceedings by service on some person designated under the statutes and wholly disconnected with the corporation. Such person would not be able to give any information desired by the creditor, and of course there is no way in which such service on him could be made the basis of effective proceedings in contempt for failure to appear against the foreign corporation none of whose officers were within the state. As a matter of fact, I do not see that there is apt to be much practical disadvantage as the result of our decision. If a judgment creditor knows or believes that the corporation has property within the state he is amply secured in his right to proceed against the party who he thinks has the custody of such property, to examine witnesses fully and to procure

injunctions against the transfer of, and orders for the application of such property to his debts, and even a receivership thereof. (Code of Civil Procedure, section 2432, subd. 3; Code, sections 2441, 2444, 2446, 2464, etc.)

The order appealed from should be affirmed, with costs, and the question certified to us answered in the affirmative.

EDWARD T. BARTLETT, WILLARD BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., HAIGHT and VANN, JJ., dissent.

Order affirmed.