(92 Misc. Rep. 241)

BOUKER CONTRACTING CO. v. W. H. CALLAHAN CONTRACTING CO.

(Supreme Court, Appellate Term, First Department.    November 11, 1915.)

1. APPEAL AND ERROR ⬤➡16—UNNECESSARY APPEAL—DISMISSAL.

Where, in supplementary proceedings, after an order appointing a receiver for the corporate judgment debtor, it moved to vacate the order, the judgment creditor acquiescing in the practice and the motion being submitted to the court without objection, on appeal from the order denying the motion to vacate the question of the jurisdiction of the court to make the original order is raised, and a simultaneous appeal from the original order appointing the receiver will be dismissed as unnecessary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 59, 60; Dec. Dig. ⬤➡16.]

2. CORPORATIONS ⬤➡523—RECEIVERS—STATUTES.

General Corporation Law (Consol. Laws, c. 23) § 306, provides that a receiver of the property of a domestic corporation can be appointed only by the court in cases among which a proceeding supplementary to execution is not specified. Section 100 provides for sequestration actions by judgment creditors of domestic corporations and a distribution "in the order and in the proportions prescribed by law, in case of the voluntary dissolution of a corporation" (section 112). Code Civ. Proc. § 2463, regulating what property cannot be reached in supplementary proceedings, prior to its amendment by Laws 1908, c. 278, provided: "This article does not apply where the judgment debtor is a corporation created by or under the laws of the state, or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state," etc. The amendment of this section by Laws 1908, c. 278, struck the limitation from it. *Held* that, in view of the provisions of General Corporation Law, §§ 100, 306, no fair inference could be drawn that the Legislature, in amending section 2463 to strike from it the limitation, intended to change the general policy of the law and remove all limitations imposed by such policy upon the power to appoint receivers in supplementary proceedings, as regulated by Code Civ. Proc. tit. 12, art. 2, dealing with the matter, and that the court could not, on the judgment creditor's motion in supplementary proceedings against the domestic corporation, appoint a receiver therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2114–2130; Dec. Dig. ⬤➡523.]

Appeals from City Court of New York, Special Term.

In the matter of supplementary proceedings by the Bouker Contracting Company, as judgment creditor, against the W. H. Callahan Contracting Company, as judgment debtor. From an order appointing a receiver for defendant, and an order denying its motion to vacate

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the order appointing the receiver, defendant appeals. Appeal from the order appointing the receiver dismissed, order denying the motion to vacate reversed, and motion granted.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Menken Bros., of New York City (Mortimer M. Menken, of New York City, of counsel), for appellant.

Dilworth & Wurts, of New York City (William H. Wurts, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The judgment creditor herein has obtained an order for the appointment of a receiver of the judgment debtor, a domestic corporation. Thereafter a motion was made on behalf of the judgment debtor to vacate the order appointing a receiver. This motion was denied, and the judgment debtor now appeals from the order denying the motion to vacate the order appointing a receiver, and from the original order. The judgment creditor has moved in this court to dismiss the appeal from the original order, on the ground that, although this order was made upon notice, it is still a judge's order, made by a judge out of court, and is therefore not appealable. We need not now decide whether an appeal could be taken from the original order, if no motion to vacate the order had been made. In this case, not only did the judgment debtor make such a motion, but the judgment creditor acquiesced in this practice, and the motion was submitted to the court without objection, and an appeal from that order is now properly before the court, and upon that appeal the question of the jurisdiction of the judge to make the original order is raised. The appeal from the original order is therefore concededly unnecessary, and should be dismissed, without costs.

[2] The judgment debtor now contends that the Code provisions in regard to the appointment of a receiver in supplementary proceedings do not apply to domestic corporations, for section 306 of the General Corporation Law, formerly section 1810 of the Code of Civil Procedure, specifically provides that "a receiver of the property of a corporation can be appointed only by the court, and in one of the following cases, * * *" and a proceeding supplementary to execution is not one of the cases mentioned in that section. In the case of Rabbe v. Astor Trust Co., 61 Misc. Rep. 650, 114 N. Y. Supp. 131, this court squarely held that a justice of the court had power to appoint a receiver of a domestic corporation in supplementary proceedings. Since that time the justices of the City Court have properly felt bound by this decision, and have assumed jurisdiction to appoint receivers in similar proceedings. On the other hand, it appears that various justices of the Supreme Court have held that they had no such power. Under these circumstances, it is proper for us to reconsider the previous decision of the Appellate Term, and to refuse to follow that decision if, upon reconsideration, we decide that it is erroneous.

Prior to the amendment of Code Civ. Proc. § 2463, by chapter 278 of the Laws of 1908, that section provided:

"This article does not apply where the judgment debtor is a corporation created by or under the laws of the state, or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state," etc.

That section was interpreted by the Court of Appeals in the case of Logan v. McCall Publishing Co., 140 N. Y. 447, 35 N. E. 655, and the court stated:

"The only limitation upon the right to take proceedings supplementary to execution against any class of debtors is contained in section 2463, and this plainly does not embrace a foreign corporation doing no business and having no agency in this state."

That limitation was stricken from section 2463, and this court consequently held that thereafter there was no limitation upon the right to take proceedings supplementary to execution, and that a receiver could be appointed in supplementary proceedings against even a domestic corporation. The correctness of this conclusion depends, I think, entirely upon the determination of what the Court of Appeals meant by the words "right to take proceedings supplementary to execution," and whether such right includes the right to the appointment of a receiver.

Upon this question it seems to me very significant that the limitation contained in section 2463 previous to its amendment expressly referred only to "this article," viz., article first of "Proceedings Supplementary to an Execution against Property," title 12 of the Code. Article first is described as "Proceedings to compel an examination of the judgment debtor, and of his debtor or bailee," and it includes a provision for an "order requiring delivery of money or property to sheriff or receiver" (section 2447), and also a provision for an injunction against any person or corporation, but this article does not provide any method for the appointment of a receiver    All the provisions in that regard are contained in article 2 of the same title. It would therefore seem that, when the Legislature removed the limitation which applied to article 1, it necessarily inferentially made all the provisions of that article applicable to proceedings against even domestic corporations, and there was no longer any limitation upon the right to take proceedings supplementary to execution against such corporation.

The right to take proceedings against such corporations does not, however, necessarily include a right to the appointment of a receiver in such proceedings, if the appointment of a receiver of the property of a domestic corporation for the benefit of a vigilant judgment creditor is contrary to the policy of our law or to the express provisions of statute. That the Court of Appeals in the case of Logan v. McCall Publishing Company, supra, had such a possible distinction in mind, clearly appears from its opinion. The court there stated:

"In this case it appears that the defendant is a foreign corporation, not doing business in the state, nor having any business or fiscal agency therein, or agency for the transfer of its stock; and by section 1812 of the Code of Civil Procedure such a corporation is excluded from the operation of section 1810, providing for the appointment of receivers of the property of corporations."

Of course, since the court expressly stated that the judgment debtor was excluded from the operation of section 1810 of the Code (now section 306 of the General Corporation Law), that case cannot be considered as any authority for the view that, if the judgment debtor were not excluded from the operation of that section, a receiver could have been appointed in the pending proceeding. On the contrary, the gist of the decision lies in its last lines:

"The defendant was a nonresident. It was not a corporation specified in section 1812. The plain implication from section 2463 rendered it subject to proceedings supplementary to execution. The policy of the state does not preclude the creditor of such a corporation from obtaining a preference upon assets here."

As I read the opinion in this case, the court clearly intended that, if the policy of the state does preclude the creditor from obtaining a preference upon assets here, then the court cannot appoint a receiver in supplementary proceedings. I think a fair reading of our statutes clearly shows that the policy of the state does preclude one judgment creditor from obtaining a preference upon the assets of a domestic corporation. Not only does section 306 of the General Corporation Law expressly provide limitations upon the appointment of a receiver of such a corporation, but section 100 of the same law expressly provides for sequestration actions by judgment creditors and a distribution "in the order and in the proportions prescribed by law, in case of the voluntary dissolution of a corporation" (section 112).

In view of these provisions of the law, I think that no fair inference can possibly be drawn that the Legislature, in repealing an express limitation applicable to article 1 of title 12 of the Code, intended also to change the general policy of the law, and remove all limitations imposed by such policy upon the power to appoint receivers as provided in article 2 of the same title. See, also, Matter of Meyer v. Consolidated Ice Co., 132 App. Div. 265, 116 N. Y. Supp. 906, affirmed on other grounds 196 N. Y. 471, 90 N. E. 54.

Order should therefore be reversed, with $10 costs, and motion to vacate granted, with $10 costs.

BIJUR, J., concurs.

FINCH, J. I concur. I think the policy of the state in reference to preferences by a corporation is strongly indicated by section 66 of the Stock Corporation Law (Consol. Laws, c. 59).