(93 Misc. Rep. 558)

### GROSHUT v. KINETOPHOTE CORP.

(Supreme Court, Appellate Term, First Department.   February 15, 1916.)

1. EXECUTION ☞417—SUPPLEMENTARY PROCEEDINGS—DISREGARD OF ORDER—PUNISHMENT.

   Where the judgment debtor willfully disregards an order for his examination made in supplementary proceedings on the ground that the original order was void, without making any motion to vacate it, the court must punish him for his contempt, unless the original order was absolutely void.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. ☞417.]

2. CORPORATIONS ☞52—"RESIDENCE."

   The "residence" of a domestic corporation is in the county where its principal office or place of business is situated.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 140–150; Dec. Dig. ☞52.

   For other definitions, see Words and Phrases, First and Second Series, Residence.]

3. EXECUTION ☞378—SUPPLEMENTARY PROCEEDINGS—ORDER FOR EXAMINATION—STATUTE.

   Under Code Civ. Proc. § 2458, providing that, to entitle a judgment creditor to maintain proceedings supplementary to execution, the execution must have been issued (1) to the sheriff of the county where the judgment debtor has a place for the regular transaction of business in person, or (2) if the judgment debtor is then a resident of the state, to the sheriff of the county where he resides, where the affidavit upon which an order for the examination of a domestic corporation in supplementary proceedings was made stated that the execution was issued to the "sheriff of the county of New York, where said judgment debtor then had its principal place of business and at the time of the commencement of the proceedings still has its principal place of business," and the order itself did not recite that it appeared to the satisfaction of the justice that the debtor had a place for the regular transaction of business in the county of New York, but merely recited the language of the affidavit, although the allegation of the affidavit was insufficient to constitute proof under section 2458, subd. 1, the order was not void, even if the creditor attempted unsuccessfully to comply with such subdivision of the section, as the affidavit showed compliance with subdivision 2, the residence of a domestic corporation being in the county where its principal office or place of business is situated, while the article of the Code touching proceedings supplementary to execution applies to all judgment debtors, including domestic corporations.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1114–1116; Dec. Dig. ☞378.]

Appeal from City Court of New York, Special Term.

In the matter of supplementary proceedings by J. Charles Groshut, as judgment creditor, against the Kinetophote Corporation, as judgment debtor.   From an order denying the judgment creditor's motion to punish the judgment debtor, and William Carlyle Herbert, its officer, for a contempt of court, the judgment creditor appeals.   Order reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Tobias A. Keppler, of New York City (David B. Kaminsky, of New York City, on the brief), for appellant.

Franklin Bien, of New York City, for respondent.

PER CURIAM. [1-3] The judgment debtor has willfully disregarded an order for his examination made in supplementary proceedings, on the ground that the original order was void. He did not see fit to make any motion to vacate the order, but assumed for himself to decide that the court had no jurisdiction to make the order. The court was therefore bound to punish him for his contempt, unless the original order was absolutely void. The affidavit upon which this order was made states that the execution was issued to the "sheriff of the county of New York, where said judgment debtor then had its principal place of business, and at the time of the commencement of this proceeding still has its principal place of business." The judgment debtor claims that this allegation is insufficient to constitute proof under subdivision 1 of section 2458 of the Code, which provides that there must be proof that the execution was issued "to the sheriff of the county where the judgment debtor has, at the time of the commencement of the special proceedings, a place for the regular transaction of business in person."

It is to be noted, however, that the order does not recite that it appears to the satisfaction of the justice that the debtor had a place for the regular transaction of business in the county of New York, but merely recites the same language contained in the affidavit. Even if the creditor attempted unsuccessfully to comply with subdivision 1 of section 2458 of the Code, the order is not void, if the language is sufficient to show compliance with any other subdivision. It seems now well established that the residence of a domestic corporation is, as a matter of law, in the county where its principal office or place of business is situated. See Finch School v. Finch, 144 App. Div. 687, 129 N. Y. Supp. 1. While neither this decision, nor any other decision that we have been able to find, directly construes the section of the Code now under consideration, it seems to us clearly applicable thereto. Prior to the amendment of Code, § 2463, by chapter 278 of the Laws of 1908, this article of the Code did not "apply where the judgment debtor is a corporation created by or under the laws of this state or a foreign corporation specified in section 1812 of this act except in those actions or special proceedings brought by or against the people of this state," etc. Since that restriction was abrogated, the article applies to all judgment debtors, including domestic corporations. See opinion of this court in the Matter of Bouker Contracting Co. v. W. H. Callahan Contracting Co., 92 Misc. Rep. 241, 155 N. Y. Supp. 543 (November, 1915), affirmed in the Appellate Division on opinion below in January, 1916.

If the allegation contained in the affidavit is insufficient under subdivision 2 of section 2458, we would have the anomalous situation that, where a domestic corporation maintains no place for the regular transaction of business in person, it is not subject to any proceedings supplementary to execution. Obviously the Legislature never intended

to create such a situation. A domestic corporation, within the meaning of the statute, resides where its principal place of business is situated, and an allegation that it has its principal place of business in the county of New York is equivalent to an allegation that it resides in that county.

It follows that the order denying the motion to punish his contempt should be reversed, with $10 costs and disbursements, and the judgment debtor fined the sum of $250.

