Rubin Mednicoff, Trading and Doing Business under the Firm Name and Style of Newark Crockery Decorating Company, Plaintiff, *v.* Frank Lashing, Trading and Doing Business under the Firm Name and Style of Frank Bargain House, Defendant.

City Court of New York, New York County, December 10, 1929.

*Samuel Isaacson,* for the judgment creditor.

*Denman Bevier & Scotti* [*Louis Bevier, Jr.,* of counsel], for third party.

Noonan, J. This is a motion to vacate a third party order obtained for the examination in supplementary proceedings of a foreign corporation duly licensed to do business in New York State. The third party contends that it was not properly served. The order directed the corporation, by its managing agent, to appear for examination and was served upon the managing agent of the corporation, as appears from the affidavit of the service of the order. The question is whether a managing agent of a corporation is a proper party to be served. In my opinion the order was improperly served and must be vacated. Rule 21 of the Rules of Civil Practice reads: " Manner of service of papers to begin a proceeding. The provisions of the statutes and rules relating to the mode of personal service of a summons shall apply to the service of any process or other paper whereby a proceeding is begun in a court, or before an officer, except a proceeding to punish for contempt, unless other special provision for the service thereof is made by law or rule. Other papers in a proceeding shall be served in like manner as in an action." This other special provision referred to in rule 21 is contained in section 798 of the Civil Practice Act, which provides for service upon a corporation in a proceeding of this character as follows: " Service

upon a corporation is sufficient if made upon an officer to whom a copy of a summons must be delivered where a summons is personally served upon the corporation; unless the officer is specially designated by the judge, as prescribed in section seven hundred and ninety of this act." Section 790 of the Civil Practice Act says: "A corporation must attend by, and answer under the oath of, an officer thereof, and the judge, in his discretion, may specify the officer." In *Matter of Meyer* v. *Consolidated Ice Co.* (196 N. Y. 471) the court held that an officer must be served and that service upon a person designated as specified in subdivision 2 of section 432 of the Code of Civil Procedure (the corresponding subdivision is now subdivision 2 of section 229 of the Civil Practice Act) was insufficient. The court there said: "Supplementary proceedings can only be instituted against a foreign corporation by service upon an officer, because the corporation can only comply with such order by the appearance and submission to examination by an officer." The service of the third party order should have been made upon one of the officers of the corporation specified in subdivision 1 of section 229 of the Civil Practice Act.

Motion granted. Order signed.