BABCOCK HINDS UNDERWOOD, INC., Judgment Creditor, v. S. E. T. VALVE & HYDRANT CO., INC., Judgment Debtor.

Supreme Court, New York County, August 30, 1934.

*Joseph Fingerhart*, for the judgment creditor.

LAUER, J. The judgment creditor applies for an order adjudging the corporate debtor in contempt for failure of its managing agent to appear for examination. Section 790 of the Civil Practice Act provides: "A corporation must attend by, and answer under the oath of, an officer thereof, and the judge in his discretion may specify the officer."

Section 798 of the Civil Practice Act provides: "Service upon a corporation is sufficient if made upon an officer to whom a copy of the summons must be delivered, where a summons is personally served upon the corporation; unless the officer is specially designated by the judge as prescribed in section seven hundred and ninety of this act."

In this case the proceedings were instituted by subpœna pursuant to section 773-a of the Civil Practice Act. The subpœna was not directed to nor did it specify the "managing agent." When the two sections of the Civil Practice Act above quoted are read together it cannot be said that one other than an officer of the corporation is a person entitled to receive service of papers in a special proceeding on behalf of a corporation. The managing agent of a foreign corporation was held not to be a proper party to be served in supplementary proceedings where the foreign corporation was either the debtor or a third party. (*Matter of Meyer* v. *Consolidated Ice Co.*, 196 N. Y. 471.) In that case the court said: " In the case of the summons the court is simply seeking to obtain jurisdiction for the purpose of rendering a judgment affecting property and the personal appearance of the corporation is not essential and hence service may be made in any manner adopted. In the case of supplementary proceedings looking to an examination of the debtor it is essential that it should personally appear by some one competent to give information concerning its property and hence the provisions that the proceeding must be instituted by service on an officer who can give such information." The case of *Mednicoff* v. *Lashing* (135 Misc. 485) held to the same effect.

The same rule must be applied in the case of a domestic corporation. Because of the failure of the subpœna and the order to show cause to specify an officer, in my opinion both were defective. It follows that the application must be denied.