In the Matter of Supplementary Proceedings: JOSEPH A. BRODERICK, as Superintendent of Banks, Judgment Creditor, *v.* BENJAMIN SHAPIRO, Judgment Debtor.

Supreme Court, Special Term, New York County, September 7, 1939.

*Carl J. Austrian* [*Isadore H. Cohen* of counsel], for the plaintiff.

*Oeland & Kuhn*, for the defendant.

BERNSTEIN, J. This is a motion by John Hancock Life Insurance Company, appearing specially, to vacate the service of a subpœna *duces tecum*. The company is a Massachusetts corporation maintaining its offices and books and records at Boston, and the subpœna was served by a delivery thereof to the Superintendent of Insurance, pursuant allegedly to the provisions of section 30 of the

Insurance Law. Such subpœna directs the company to appear in this court and testify in a supplementary proceeding in which the Superintendent of Banks is the judgment creditor and one Benjamin Shapiro is the judgment debtor, and to produce certain books and records.

Section 30 of the Insurance Law provides: " No foreign insurance company shall transact any business of insurance in this State until it has executed and filed in the office of the Superintendent of Insurance a written appointment of the Superintendent to be the true and lawful attorney of such corporation in and for this State, upon whom all lawful process in any action or proceeding against the corporation may be served with the same effect as if it was a domestic corporation. Service upon such attorney shall thereafter be deemed service upon the corporation."

Under that section and the written appointment executed by the company and filed with the Superintendent of Insurance pursuant thereto the company has clearly undertaken to subject itself to the jurisdiction of our courts only in actions or proceedings " against the corporation." It has not undertaken to subject itself to the service of process in proceedings against other persons. The Superintendent is given a limited power of attorney to act for it, and he cannot exceed that power by accepting service of a subpœna in a proceeding brought against Shapiro.

Moreover, a subpœna must be served on a witness personally. (*Matter of Depue,* 185 N. Y. 60, 69.) Substituted service will not suffice. Service upon the Superintendent is but a mode of substituted service. (*Matter of Meyer* v. *Consolidated Ice Co.,* 132 App. Div. 265, 268.)

The Superintendent of Banks points to section 783 of the Civil Practice Act as authority for the validity of the service. That section provides that a subpœna in supplementary proceedings may be served on a corporation in the same manner as a summons may be served. Section 229 of the Civil Practice Act provides that a summons upon a foreign corporation may be served by delivery of a copy to a " public officer designated for the purpose pursuant to law by certificate filed in the * * * Department of Insurance." Read together, he says, these provisions establish his mode of service as the only proper one.

These sections cannot, however, be so read together in disregard of the plain provision of section 30 of the Insurance Law and the purpose sought to be accomplished by the service of a subpœna in supplementary proceedings, the attendance of a witness on the production of a document. While *Matter of Meyer* v. *Consolidated Ice Co.* (196 N. Y. 471) was decided under a section of the old Code

of Civil Procedure, Judge HISCOCK aptly expresses the reason why these sections may not singly or together provide the proper method of service. " Supplementary proceedings can only be instituted against a foreign corporation by service upon an officer, because the corporation can only comply with such order by the appearance and submission to examination by an officer. If the proceedings were instituted by service on some person designated under the statute who was not an officer and when, for instance, there was no officer within the State, we might have either one of two results. Either the proceeding would be entirely ineffective because the corporation would not appear in the manner provided by the statute, or else by service on a person in New York State an officer of a corporation living in some foreign State would be compelled to come and attend here for the purpose of examination. Neither result is to be contemplated. There is a perfectly apparent reason for the difference between provisions for service of a summons on a foreign corporation and those providing for the institution of supplementary proceedings. In the case of the summons the court is simply seeking to obtain jurisdiction for the purpose of rendering a judgment affecting property and the personal appearance of the corporation is not essential and hence service may be made in any manner adopted. In the case of supplementary proceedings looking to an examination of the debtor it is essential that it should personally appear by some one competent to give information concerning its property and hence the provision that the proceeding must be instituted by service on an officer who can give such information " (pp. 474, 475).

To hold that service of the subpœna on the Superintendent of Insurance is good is to hold that the Legislature intended to provide a plan for service which would be wholly ineffective for the purposes sought to be accomplished. The Superintendent is wholly disconnected with the corporation and would not be able to give the information sought. Failure to respond could not be made the basis of effective proceedings in contempt either against him or against the corporation which had not been personally served. Such service, when made, would be futile and unproductive of result.

Following that reasoning the court is constrained to hold the service in the instant case improper. Such service is also ineffective for the failure to pay witness fees and mileage. (Civ. Prac. Act, § 783, subd. 3; *Matter of Depue, supra,* p. 70.) Motion granted. Settle order.