In the Matter of NATIONAL CITY BANK OF NEW YORK,
Respondent, against LUCY S. DESZ, Defendant.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,
Appellant.

Argued September 26, 1939; decided November 21, 1939.

*George W. Riley* for appellant.

*J. Courtney McGroarty* for respondent.

LOUGHRAN, J. Proceedings supplementary to judgment are regulated by Civil Practice Act, article 45. Section 779 thereof provides in part: " Upon proof by affidavit that any person or corporation has, or that there is reason to believe that he or it has, property of the judgment

debtor exceeding ten dollars in value, or is indebted to him, in a like sum, the court shall make an order requiring that person or corporation to attend at a time and place specified in the order, to be examined as a third party concerning such property, money or indebtedness. * * * The attorney for the judgment creditor may at any time within two years from the date of such judgment, issue a subpœna directed to a third party * * * where such attorney has reason to believe that such third party has property of the judgment debtor exceeding ten dollars in value, or is indebted to him in a like sum, requiring the attendance of such third party for examination concerning such property, money or indebtedness." (Subds. 1 and 2.)

The respondent — the judgment creditor — attempted to serve such a third-party subpœna upon the appellant, a foreign mutual life insurance company. Questions as to the validity of the service thereof have been certified to us by the Appellate Division as follows:

" 1. Does the service of a third party subpœna issued pursuant to section 779, subdivision 2 of the Civil Practice Act, on a managing agent of a foreign mutual life insurance company in the State of New York, constitute valid service thereof on said foreign mutual life insurance company where said foreign mutual life insurance company

" (a) is lawfully doing business in the State of New York; and

" (b) has no president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary or other officer performing corresponding functions under another name in the State of New York; but

" (c) has pursuant to section 30 of the Insurance Law, designated the Superintendent of Insurance of the State of New York as a true and lawful attorney of such corporation upon whom all lawful process may be served?

" 2. Should service of such subpœna made under said circumstances be set aside and vacated on motion of the third party appearing specially for the sole purpose of objecting to jurisdiction over its person?"

The present article 45 became part of the Civil Practice Act on September 1, 1935. (Laws of 1935, ch. 630.) Previously to that date service upon a corporation of an order to attend and be examined in supplementary proceedings could be made upon an *officer* to whom a copy of a summons was required to be delivered where a summons was to be served upon a corporation, unless in the supplementary proceedings the judge designated an *officer* by whom the corporation was to attend. (Former art. 45, §§ 798, 790.) When that procedure was in force, service in supplementary proceedings of a third-party order upon a foreign corporation could not be validly made through a *person* designated by the corporation pursuant to the General Corporation Law (Cons. Laws, ch. 23) for the purpose of personal service of a summons upon it. (*Matter of Meyer* v. *Consolidated Ice Co.*, 196 N. Y. 471.)

The present article 45 prescribes a different manner of service upon a corporation of an order or of a subpœna made in supplementary proceedings. Subdivision 2 of the present section 783 provides: " Service upon a corporation is sufficient if made in the same manner as a summons may be served upon such corporation unless the officer or agent is specifically designated in the subpœna or order, in which case service shall be made upon him." Since the subpœna here issued to this appellant foreign corporation did not mention any of its officers or agents, the certified questions do not call upon us to consider what the result would have been if appellant's managing agent to whom the copy was delivered had been specifically designated therein.

Personal service of a summons upon a foreign corporation is regulated by Civil Practice Act, section 229. It is thereby provided:

" Personal service of summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows:

" 1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.

"2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, to the secretary of state as provided by the general corporation law.

"3. To the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state."

Under these provisions of section 229, personal service of a summons upon the appellant in the factual situation described by the certified questions could have been made only by delivery of a copy to the Superintendent of Insurance. It follows, we think, that the words above quoted from section 783 of the present article 45 required that the subpœna in question be served in the same manner.

We do not feel free to weigh the respondent's argument that in supplementary proceedings such service through a public officer will not satisfy the purposes of an examination of a foreign corporate third party. (Cf. *Matter of Meyer* v. *Consolidated Ice Co.*, *supra*.) Subject to constitutional limitations, it has traditionally been the province of the Legislature to declare by general rules what service of process shall be deemed to be sufficient. (*Pope* v. *Terre Haute Car & Mfg. Co.*, 87 N. Y. 137, 140; *Dollar Co.* v. *Canadian Car & Foundry Co.*, 220 N. Y. 270.) In this specific instance the Legislature has said that "Service upon a corporation is sufficient if made in the same manner as a summons may be served upon such corporation." (§ 783.) The method of service here attempted was something short of the method so prescribed. (*Gursky* v. *Blair*, 218 N. Y. 41.) These two methods the respondent would none the less have us bracket together as being equally sufficient. But the present article 45 does not do this and we have no authority to recast it.

The orders should be reversed and the motion to vacate the subpœna granted, with costs in all courts. The first question certified is answered in the negative. The second question certified is answered in the affirmative.

CRANE, Ch. J., LEHMAN, HUBBS, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Orders reversed, etc.