Matthew J. Jasen, J.
This is a motion by the Aro Corporation for an order vacating the third-party subpoena served upon it by service on the Secretary of State of the State of New York.
The litigation is matrimonial in nature and the plaintiff wife is in search of funds belonging to defendant husband. It appears that the latter, a judgment debtor, is either an employee, officer, or stockholder of the Aro Corporation.
The subpoena duces tecum for examination of a third party issued by wife is directed to the Aro Corporation and commands that it produce at a certain examination ‘1 all employment contracts and payroll records of (husband judgment debtor) President, and all records of stock transfers and payments and contracts with respect thereto from 1957 to date.”
The Aro Corporation contends it is a foreign corporation and has no office or place of business in the State of New York but concedes it had obtained a certificate of authority from the Secretary of State to do business in this State. The Aro Corporation further contends that it does not have within the State the records sought.
Thus, the only question submitted to this court by the motion is whether the service of a third-party subpoena on the Secretary of State constituted valid and effective service thereof on a. foreign corporation.
*856 The Aro Corporation, by obtaining a certificate of authority from the Secretary of State to do business in this State was required to comply with certain conditions, one of which designated the Secretary of State as its agent upon whom process in any action or proceedings against it may be served within the State (G-eneral Corporation Law, § 210, subd. 1).
Subdivision 2 of section 783 of the Civil Practice Act prescribes the manner of service upon a corporation of an order or of a subpoena made in supplementary proceedings and states: ‘ ‘ 2. Service upon a corporation is sufficient if made in the same manner as a summons may be served upon such corporation unless the officer or agent is specifically designated in the subpoena or order, in which case service shall be made upon him.”
The manner of service of a summons upon a foreign corporation is regulated by section 229 of the Civil Practice Act and it provides as follows:
“ Personal service of the summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows:
“1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.
“2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, the secretary of state as provided by the general corporation law. If service be made pursuant to section two hundred seventeen of the general corporation law, the time within which the corporation is required to appear or answer shall be deemed to be extended ten days whether the action is brought in a court of record or not of record.
“ 3.- To the cashier, assistant cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence cannot be found within the state.”
It is well-established law that supplementary proceedings may be maintained against a foreign corporation provided that the proceedings are commenced in the manner prescribed in the Civil Practice Act. (Matter of Meyer v. Consolidated Ice Co., 132 App. Div. 265, 268, affd. 196 N. Y. 471; Matter of National City Bank v. Desz, 281 N. Y. 430.)
*857 In the case at bar the service of the third-party subpoena in supplementary proceedings was made pursuant to subdivision 2 of section 229 of the Civil Practice Act, and is therefore valid and effective upon the Aro Corporation. (Matter of National City Bank v. Desz, supra.)
The service being perfected, this court has jurisdiction over the foreign corporation and directs that the corporation comply with the subpoena and furnish all records requested.