Paul J. Widlitz, J.
Motion to vacate the restraining notice heretofore served on the judgment debtor’s employer is granted.
A subpoena to examine the employer was served on or after February 17, 1965. The subpoena contained a restraining notice in the language of CPLR 5222 (subd. [b]).' The employer has informed the judgment debtor that 10% of his earnings were being withheld on account of the restraining notice.
CPLR 5205 excludes from the satisfaction of a money judgment 90% of the earnings of a judgment debtor for personal services “ except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents ’ ’. A restraining notice, however, under CPLR 5222 (subd. [b]) affects “ all property in which the *819 judgment debtor is known * * * to have an interest then in and thereafter coming into the possession or custody of such person * * * and all debts of such a person * * * then due and thereafter coming due to the judgment debtor ’ ’. If such restraining notice were effective, it would tie up all of the earnings of the judgment debtor. As stated in the recent case, Matter of Widder Bros. v. Kaffee (19 A D 2d 817, 818): “the personal earnings of judgment debtors are exempt [from a restraining notice] except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents Assuming that the Widder case only had reference to the 90% exempted by CPLR 5205, it would appear that to approve a restraining notice on an employer even as to 10% of the judgment debtor’s earnings would be contrary to the clear intention of the Legislature that an employer should not be bothered with judgments against an employee until the employee had defaulted after due notice to pay the 10% (CPLR 5231). See the excellent discussion by Professor David D. Siegel in McKinney’s Consolidated Laws of New York (Book 7 B, CPLR, 1964 Supp., p. 14) which he concludes: “For the foregoing reasons, a restraining notice should not be available against the garnishee (employer, trustee, etc.) on an income execution even as to only 10% of the judgment debtor’s wages (or trust income, etc.). That is so regardless of what might be held with reference to the efficacy of a restraining notice served on the judgment debtor himself.” The judgment debtor seeks a vacatur of the restraining provision under CPLR 5240. Regardless of whether his papers may be improperly titled, in that a special proceeding rather than the action which terminated in the judgment should be designated in the caption, the defect, if there be one, is disregarded for the movant is entitled to the relief sought.