PATRICIA W. SILBERT, Respondent, v. ARTHUR F. SILBERT, Defendant, and STANDARD FINANCIAL CORPORATION, Appellant.— In a separation action by a wife which was consolidated with the husband's property action and tried in the Supreme Court, Westchester County, in which, after judgment in her favor, the wife served a restraining notice (CPLR 5222) upon Standard Financial Corporation (a domestic corporation which does no business in Westchester County but has its only place of business [in this State] in New York County), said corporate garnishee (CPLR 105, subd. [h]) appeals from an order of the Supreme Court, Westchester County, entered October 25, 1965, which (on the wife's motion) adjudged appellant guilty of a contempt of court by reason of violating the terms of said restraining notice and fined it $20,400 as the amount of the resulting damage actually suffered by the wife by reason of such misconduct (Judiciary Law, § 773). Order reversed, without costs, and motion denied, without costs and without prejudice to such further actions or proceedings as plaintiff wife may be advised to take with respect to her claims based on the judgment. Although the county in which this enforcement proceeding should have been brought is New York County, in which the garnishee "resides" (CPLR 5221, subd. [a], par. 4; Hoffman v. Oxford Developments, 9 A D 2d 937; Matter of Groshut, 93 Misc. 558), the defect in venue was waived by the garnishee's failure to take timely exception thereto (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 52–277). The learned Special Term held that appellant violated the terms of the restraining notice by causing its subsidiary to pay the husband salary amounting to $25,288 and by paying dividends for his account amounting to $6,650.83 to assignees by prior assignments. However, a restraining notice does not reach wages (Matter of Widder Bros. v. Kaffee, 19 A D 2d 817, 818; Power v. Loonam, 45 Misc 2d 818, 819; 6 Weinstein-Korn-Miller, op. cit. supra, § 5251.14, pp. 52–764 to 52–765), which may be reached by an income execution for 10% of the payments (CPLR 5231, subd. [b]) or, in an appropriate case, by application for an installment payment order directing the judgment debtor to make payments in the amounts specified therein (CPLR 5226). Consequently, the loss actually suffered by plaintiff wife by reason of the alleged misconduct could not have exceeded the amount of the dividends, $6,650.83. As for the dividends, even if it were determined that the prior assignments were invalid (an issue not decided below), there would have to be deducted from $6,650.83 paid to the assignees the amount (not shown in the record) of dividends paid during the period of the stay which was in effect pending the husband's appeal from the judgment (CPLR 5519; 6 Weinstein-Korn-Miller, op. cit supra, par. 5222.03, p. 52–283). Under all the circumstances, we are of the opinion that the validity of the assignments of the dividends and the amounts involved may not be decided summarily herein. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.