■ CORNELL FEDERAL CREDIT UNION, Appellant, v DANIEL R. THORPE, Respondent. [606 NYS2d 90] —Casey, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 9, 1992 in Tompkins County, which denied plaintiff's motion to hold defendant in contempt.

Having obtained a money judgment in its favor against defendant, plaintiff sought to enforce the judgment by serving a subpoena on defendant for a deposition pursuant to CPLR 5223 and 5224. The subpoena was captioned out of the original action in Supreme Court, Tompkins County, and when defendant failed to appear for the deposition, plaintiff moved in that court for an order holding defendant in contempt. Defendant defaulted, but Supreme Court denied the motion upon the ground that Tompkins County is not the county of defendant's residence, regular employment or place of business, as required by CPLR 5221 (a).

On appeal, plaintiff contends that the requirements of CPLR 5221 (a) are not applicable to the subpoena provisions of CPLR 5224 or the contempt provisions of CPLR 5210. We disagree. CPLR 5221 (a) specifies the court and the county in which special proceedings authorized by CPLR article 52 must be commenced. Although the subpoena procedure authorized by CPLR 5224 is not a special proceeding, CPLR 5221 (b) provides that a subpoena authorized by article 52 may be issued from any court in which a special proceeding authorized by article 52 could be commenced. CPLR 5210 similarly provides that "[e]very court in which a special proceeding to enforce a money judgment may be commenced, shall have power to punish a contempt of court committed with respect to an enforcement procedure". We conclude, therefore, that the requirements of CPLR 5221 (a), concerning the proper court and county in which a special proceeding under CPLR article 52 may be commenced, are applicable to a subpoena issued pursuant to CPLR 5224 and a contempt motion pursuant to CPLR 5210 (see, Siegel, NY Prac § 509, at 784; § 523, at 809 [2d ed]).

We conclude, however, that Supreme Court erred in denying plaintiff's motion. The requirement of CPLR 5221 (a) as to which court is proper for the commencement of a special proceeding is jurisdictional, but the requirement as to the proper county is a matter of venue (see, Siegel, NY Prac § 493, at 758-759 [2d ed]). Supreme Court clearly had jurisdiction in this case pursuant to CPLR 5221 (a), and plaintiff's designation of Tompkins County was a mere venue error. As such it was waivable (see, Silbert v Silbert, 25 AD2d 570), and defendant's failure to object to the subpoena and seek a protective order (see, CPLR 5224 [d]) and his failure to oppose the contempt motion constitute a waiver of the venue defect. Moreover, defendant's failure to oppose plaintiff's appeal may be considered tantamount to a concession that the relief sought on appeal should be granted (see, Matter of Faith AA., 139 AD2d 22, 26). The order should, therefore, be reversed and plaintiff's motion granted.

Weiss, P. J., Crew III, Cardona and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, and matter remitted to the Supreme Court for the imposition of appropriate sanctions.