■ BUCKEYE RETIREMENT CO., LLC, LTD., Appellant, v JOHN M. QUATTROCCHI, Respondent. [828 NYS2d 217]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated May 8, 2006, which, sua sponte, removed the action to the Civil Court, Richmond County, pursuant to CPLR 325 (d).

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the matter is remitted to the Supreme Court, Richmond County, for a determination on the merits of the plaintiff's motion, inter alia, to hold the defendant in contempt of court, and the Clerk of the Civil Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]); and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff obtained a money judgment in the Supreme

Court, Richmond County, which was in its favor and against the defendant in the principal sum of $18,145.52. The plaintiff sought to enforce the judgment by serving a judicial subpoena and a restraining notice in the Supreme Court. When the defendant failed to comply with the subpoena, the plaintiff moved in the Supreme Court to hold the defendant in contempt of court and to compel the defendant to comply with the subpoena. Without deciding the plaintiff's motion, the Supreme Court, sua sponte, removed the action to the Civil Court pursuant to CPLR 325 (d).

A motion to hold a party in contempt of court "with respect to an enforcement procedure" may only be brought in a court in which a special proceeding to enforce a money judgment may be commenced (*see* CPLR 5210; *Matter of Lupoli,* 275 AD2d 44, 50 [2000]; *Cornell Fed. Credit Union v Thorpe,* 199 AD2d 936 [1993]). If a judgment sought to be enforced was entered in the Supreme Court, then a special proceeding to enforce that judgment may be commenced only in the Supreme Court or the County Court (*see* CPLR 5221 [a] [4]; [b]; *Matter of Lupoli, supra* at 50; *Langston v Reisch,* 225 AD2d 1098 [1996]). Here, the plaintiff properly brought the contempt motion in the Supreme Court, since the judgment it was seeking to enforce was entered in the Supreme Court. Accordingly, the Supreme Court erred in, sua sponte, removing the action to the Civil Court pursuant to CPLR 325 (d). Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.