OPINION OF THE COURT
Lucy Billings, J.
Petitioner Mimi Grotto, a Connecticut resident employed in New York, seeks to quash or stay enforcement of a subpoena (CPLR 3119 [e]) issued and served on her by respondent pursuant to CPLR 3119 (b) and (c), the procedures for interstate disclosure effective January 1, 2011. CPLR 3119 (e) requires that a petition or motion to quash or stay a subpoena under section 3119 comply with New York statutes and regulations. (Matter of New York Counsel for State of Cal. Franchise Tax Bd. [U.S. Philips Corp.-Haken-Tamoshunas], 33 Misc 3d 500, 506-507 [Sup Ct, Westchester County 2011].)
Respondent judgment creditor’s subpoena seeks disclosure relevant to the satisfaction of an unsatisfied California judgment, entered also in New York, for $2,089,749.99 against deceased judgment debtor Patrick Grotto, petitioner’s former husband from whom she was divorced. (CPLR 5223, 5402.) Based on respondent’s deposition of Patrick Grotto’s son, respondent believes Patrick Grotto may have transferred assets to his former wife before committing suicide July 18, 2011. He died in Maryland, so his estate would be the subject of a probate proceeding there.
CPLR 5208 provides that no “enforcement procedure” may be undertaken regarding any debt owed to or property interest of the judgment debtor
“except upon leave of the surrogate’s court which granted letters testamentary or letters of administration upon the estate. If such letters have not been granted within eighteen months after the death, leave to . . . undertake such enforcement procedure may thereafter be granted, upon motion of the judgment creditor . . . , by any court ... in which the enforcement procedure could be commenced.”
Respondent’s subpoena seeking disclosure relevant to the satisfaction of an unsatisfied judgment against the deceased judgment debtor (CPLR 5223) is an “enforcement procedure” *449 (CPLR 5208) under CPLR article 52, pertaining to enforcement of monetary judgments, and CPLR 5208 specifically. (E.g. Stern v Carlin Communications, 210 AD2d 110, 111 [1st Dept 1994]; Buckeye Retirement Co., LLC, Ltd. v Quattrocchi, 36 AD3d 641, 642 [2d Dept 2007]; Matter of Lupoli, 275 AD2d 44, 50 [2d Dept 2000]; Cornell Fed. Credit Union v Thorpe, 199 AD2d 936, 937 [3d Dept 1993].) CPLR 5208 thus bars enforcement of respondent’s subpoena until January 18, 2013.
Consequently, the court grants the petition to quash respondent’s subpoena seeking disclosure from petitioner relevant to the satisfaction of an unsatisfied judgment against Patrick Grotto. (CPLR 3119 [e]; 5208, 5223.) This decision constitutes the court’s order and judgment granting the petition. This disposition is without prejudice to enforcement of a future subpoena after January 18, 2013, in a future proceeding. (CPLR 3119, 5208.)